# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

STEVEN LAMAR HARRIS,

                Petitioner,

v.

CHANTELL JEWELL,

                Respondent.

Case No. 24-CV-141-JPS

**ORDER**

## 1.    INTRODUCTION

Petitioner Steven Lamar Harris ("Petitioner"), who is currently in state custody awaiting trial in Milwaukee County Circuit Court Case No. 2020CF001476,[1] seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. In the Milwaukee County Case, a jury was empaneled and the parties made opening statements, but then the court declared a mistrial due to an incident that made two jurors unable to continue their duties. *See generally id.*; Milwaukee County Case, Nov. 28, 2023 docket entry. The court accordingly dismissed the jury and adjourned the trial to be rescheduled at a later date. Milwaukee County Case, Nov. 28, 2023 docket entry. Petitioner believes, essentially, that this occurrence should have ended the state's case against him. He asserts four grounds (recounted below) for why he should be released from custody and requests that the Court "bar[] the State of Wisconsin from retrial of all charges . . . and also order [the state] trial court

---

[1] *Available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2020CF001476&countyNo=40&index=0 (last visited May 7, 2024). Citations to docket entries in this case will hereinafter be denoted as "Milwaukee County Case."

to dismiss all charges with prejudice and immediate[ly] release" him. ECF No. 1 at 10–12.

This case was originally assigned to Magistrate Judge William E. Duffin, who screened the § 2241 petition under Rule 4 of the Rules Governing Section 2254 cases. ECF No. 5. Magistrate Judge Duffin recommended that the petition be dismissed. *Id.* Specifically, Magistrate Judge Duffin found that "two of [Petitioner's] claims do not invoke extraordinary circumstances warranting the court's intervention in an ongoing state prosecution, and . . . [Petitioner] has not exhausted his state court remedies with respect to his double jeopardy and speedy trial claims . . . ." *Id.* at 6. Petitioner timely filed objections to Magistrate Judge Duffin's report and recommendation. ECF No. 6; *see also* 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and Gen. L.R. 72(c)(1) (all providing fourteen-day objections period). Respondent did not respond to Petitioner's objections. *See* Gen. L.R. 72(c)(2). After considering the petition and its attachments, Magistrate Judge Duffin's report and recommendation, and Petitioner's objections thereto, the Court concludes that the § 2241 petition must be dismissed.

## 2.    LEGAL STANDARDS

When reviewing a magistrate judge's recommendation, the Court is obliged to analyze de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3). The Court's review encompasses both the magistrate judge's legal analysis and factual findings. *Thomas v. Arn*, 474 U.S. 140, 147, 154 (1985).

Rule 4 of the Rules Governing Section 2254 Cases applies to petitions for release from custody brought under 28 U.S.C. § 2241. Rule 1(b), Rules Governing Section 2254 Proceedings; Civ. L.R. 9(a)(2). This rule requires the Court to conduct a screening or "preliminary review" of the § 2241 petition. At the screening stage,

> [i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .

Rule 4, Rules Governing Section 2254 Proceedings. The Court accepts as true the petitioner's well-pleaded factual allegations, *Gibson v. Puckett*, 82 F. Supp. 2d 992, 993 (E.D. Wis. 2000) (citing *Hosp. Bldg. Co. v. Tr. of Rex Hosp.*, 425 U.S. 738, 740 (1976)), but not any of his legal conclusions.

Rule 4 enables the district court to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims. If those issues do not preclude a merits review of the claims, the Court directs the Respondent—the individual in charge of the institution where Petition is currently held, *see* Rule 2(a), Rules Governing Section 2254 Proceedings—to respond to the petition.

**3.     BACKGROUND**

Magistrate Judge Duffin's factual findings were brief. ECF No. 5 at 1–2. The Court accepts those findings but finds it necessary to expand upon them based on its own review of the record and Petitioner's objections.

Petitioner is charged with thirteen felony counts related to drugs and firearms. *See generally* Milwaukee County Case.[2] He was arrested in April 2020 and is currently in pretrial detention.

Petitioner made a speedy trial demand on September 15, 2023. *Id.,* Sept. 15, 2023 docket entry. After numerous delays, the case was set for a jury trial to begin before Milwaukee County Circuit Court Judge Michelle Havas ("Judge Havas") on November 27, 2023. *Id.,* Nov. 13, 2023 docket entry. The jury trial began on that day; thirteen jurors were empaneled and sworn, each side delivered opening statements, and the jury was released and instructed to return the next morning. *Id.,* Nov. 27, 2023 docket entry.

However, the next morning before court convened, "an incident" occurred that rendered two jurors unable to continue serving on the jury. *Id.,* Nov. 28, 2023 docket entry; ECF No. 1-2 at 3–4 (Nov. 28, 2023 state court proceeding transcript attached to petition). After the incident but before court reconvened, Judge Havas "talked with the parties in chambers and told them that [she] was going to declare a mistrial." ECF No. 1-2 at 5; Milwaukee County Case, Nov. 28, 2023 docket entry labeled "Further proceedings" ("Parties met with the Court before the case was called on the record as to an incident that happened with a juror prior to court."). The later record made in court suggests that the attorneys[3] had an opportunity to raise arguments in chambers about the appropriateness of declaring a

---

[2]The Court may take judicial notice of public records, including state court records. *See Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir. 1994).

[3]Where the § 2241 petition form prompts Petitioner to indicate whether he was represented by an attorney at any hearing, he answers "NA," ECF No. 1 at 4, but this is probably a mistake. The Milwaukee County Case docket and Petitioner's own filings all indicate that he was represented by Attorney Robert Webb ("Attorney Webb") until Webb withdrew in January 2024.

mistrial. ECF No. 1-2 at 6. It appears that Petitioner himself was not part of that in-chambers conversation, but that he observed some of the events that gave rise to it. *Id.* at 5. Before court reconvened, Petitioner's attorney briefed him on the incident and informed him that "the court may declare a mistrial." ECF No. 2 at 1 (Petitioner's "supplement" of "supporting facts," which is styled on the docket as a brief in support of his petition[4]).

When court officially reconvened, Judge Havas noted on the record that she would strike the two jurors involved in the incident. ECF No. 1-2 at 4–5. She further concluded that, with only eleven jurors remaining able to serve, she did not believe that the trial could proceed. *Id.* at 5. She accordingly declared a mistrial and dismissed the jury that had been empaneled the previous day.[5] *Id.*; Milwaukee County Case, Nov. 28, 2023 docket entry; ECF No. 1 at 2–3.

She invited the attorneys to comment on their positions as to declaring a mistrial (which, as noted above, they appear to have shared *in camera* earlier) and on how soon a new jury could be assembled and trial

---

[4]Magistrate Judge Duffin does not cite to this document, so it is unclear whether he considered it in issuing his report and recommendation. *See generally* ECF No. 5.

Petitioner did not date or sign the "supplement" itself, but submitted it simultaneously with his petition. He signed the petition under penalty of perjury and dated it; the petition instructed him "[i]f the space provided is insufficient to set forth [his] grounds for relief and/or supporting facts, [he could] attach extra page(s)" to it. ECF No. 1 at 10, 13. Therefore, the Court accepts the allegations in the supplement as true at this juncture. *Gibson*, 82 F. Supp. 2d at 992.

[5]Judge Havas apparently dismissed the jury off the record and out of the presence of Petitioner, and by this point was just making a record of having done so. *See* ECF No. 1-2 at 5 ("It's my understanding, Mr. Harris, that you kind of saw a little bit of what was happening as this person was being taken into custody, so you were kind of aware that something was happening. And so I just dismissed the jurors. It is 10:08.").

could be rescheduled. *See* ECF No. 1-2 at 5–6 (Judge Havas stating that "another [venire] panel of 30" was available but asking the parties "how realistic" it was to assemble a new jury and conclude the trial by the end of the week, because she "d[idn't] like holding jurors over" the weekend for deliberations, and prosecutor requesting that the defense make a record of its position on the mistrial).

Attorney Webb stated that Petitioner "knew there was going to be a mistrial declared by the Court" and "question[ed] . . . if there's not enough reserve jurors, or if we're not able to get this done in time, what will happen in that regard." *Id.* at 6. Attorney Webb further stated that he and his client "ha[d] no objection to [declaring a mistrial] because there's not sufficient enough jurors on this particular panel." *Id.* at 7 (also indicating that Attorney Webb was reluctant to "poll[] jurors about if something happened to someone else" on the original panel); *see also* Milwaukee County Case, Nov. 28, 2023 docket entry labeled "Further proceedings" ("State and defense do not object to the mistrial as stated on the record.").

The prosecutor did not object to the mistrial. ECF No. 1-2 at 7 ("I think it makes sense and I don't think we really had any other options."). The attorneys ultimately agreed that the trial would need to be rescheduled to several months later to accommodate all the evidence and testimony the parties planned to introduce, jury deliberations, and the parties' schedules. *See id.* at 8–12.

Petitioner tells a somewhat different story, stating that, while Judge Havas and the parties were discussing future trial dates, "Petitioner informed [Attorney Webb] that Petitioner 'objects' to mistrial and the extending of the [speedy trial] expiration date, because [he] want[ed] to complete the trial that commenced and . . . doesn't wanna remain in

custody" beyond December 2023. ECF No. 2 at 2. In Petitioner's telling, Attorney Webb "misconstrue[d] Petitioner's objection to the Court by stating Petitioner is asking counsel to request a bail hearing." *Id.* at 3 (citing ECF No. 1-2 at 14–16 (Attorney Webb requesting a recess to permit him to discuss the purported bail review matter further with Petitioner)).

The court adjourned the trial until January 22, 2024 and found good cause to extend the speedy trial time limit. ECF No. 1-2 at 13–14; *id.* at 15 (Attorney Webb indicating that Petitioner "understands that the Court has extended his speedy"); Milwaukee County Case, Nov. 28, 2023 docket entry labeled "Further proceedings." The court reconvened later in the day on November 28 to hear arguments on what was understood as Petitioner's motion to decrease the amount of his bail; that request was denied. Milwaukee County Case, Nov. 28, 2023 docket entry labeled "Bail/bond hearing"; ECF No. 1-2 at 17–28. During that portion of the hearing, Petitioner attempted to speak over Attorney Webb and raise arguments pro se. *Id.* at 27.

Petitioner avers that Attorney Webb did not communicate with him at any time in between the November 28, 2023 proceeding and the next proceeding on January 22, 2024, when his new trial was set to begin. ECF No. 2 at 3. The Milwaukee County Case docket reflects, and Judge Duffin noted, that at the January 22 hearing, Petitioner—apparently arguing pro se rather than through Attorney Webb—contended that his speedy trial demand was violated at the November 28, 2023 proceeding. Milwaukee County Case, Jan. 22, 2024 docket entry; ECF No. 5 at 2.

Petitioner again offers his own characterization of what happened. In a nutshell, he avers that—while still represented by counsel—he attempted to raise a pro se Double Jeopardy-based motion to dismiss at this

hearing, either instead of or in addition to the prior-referenced speedy trial argument. When he did so, Attorney Webb moved to withdraw from representing him (ostensibly so that Petitioner could make his argument pro se), but after granting Attorney Webb's motion to withdraw, Judge Havas did not permit Petitioner to finish arguing it and did not render a ruling on it. Petitioner's account is reproduced here:

> Petitioner informed defense counsel that Petitioner objects to retrial, and that the state is barred from retrial due to the Fifth and Fourteenth Amendment rights and protections of the Double Jeopardy clause; also based on the fact that there was no manifest necessity to terminate the first trial. Petitioner informed counsel that he "needs" and "wishes" to object to retrial and also "move" for a motion to dismiss the charges.

> Defense atty then objected to retrial, but as like in mistrial proceeding, defense atty again attempted to misconstrue Petitioner's contentions of the objections[.] Petitioner then in need of protections from further injury, "pro se" intervened to argue the objection to "bar retrial" along with the "motion to dismiss" orally to the court, . . . which the court entertained up until the point "defense atty" objected . . . by requesting to withdraw from representation of petitioner.

> The court then . . . g[ave] Petitioner the option to allow defense counsel to withdraw and continue "pro se" arguing Petitioner's position; or end "pro se" arguing and proceed with defense atty to trial. . . .

> After . . . [a] recess, Atty Webb addressed the court that . . . it would be in [the] best interest to withdraw from Petitioner's representation, in order to allow Petitioner the "option the court offered" to let Petitioner continue with [arguing] [his] position . . . .

> [Judge Havas] then stated she's . . . not gonna let the Petitioner continue to argue his position and . . . [would] grant Atty Webb's motion to withdraw as counsel.

Petitioner then objected stating that the court "gave options" prior to recess, and is now recanting its offer which will critically prejudice the Petitioner. Petitioner also addressed the court that . . . allowing defense atty to withdraw will impair Petitioner's defense if Petitioner is forced to be tried. . . .

The court "disregarded" Petitioner['s] cries, objection[s], motions, and request to not withdraw defense atty since the court recanted its offer.

The court then informed Petitioner that though today was the expiration of his speedy demand extension, Petitioner will not be released from custody and he will not have a trial.

[]The court[']s failure to render a decision on [Petitioner's] motion to dismiss precludes [Petitioner] [from] any further review in state courts[.]

The trial court failed to offer colloquy to proceed with a trial if necessary "pro se," being [Petitioner] has made [a] record of his Double Jeopardy claims for any future appellate purposes.

The proceeding was then ended with the court independently considering the speedy demand waived along with withdrawal of def[ense] counsel . . . .

ECF No. 2 at 3–6 (quotation marks in original).[6] At the end of the hearing, Judge Havas found "defendant's own statements on the record is [sic] what delayed the trial"[7] and found no violation of Petitioner's speedy trial

---

[6]Petitioner further argues that the Milwaukee County Case docket "incorrectly states" what happened during the proceeding and asks this Court to request a transcript and audio recording of the proceeding. ECF No. 2 at 6–7. He also alleges that the November 28 transcript includes "several error marks that [he] believes were clearly stated in the proceeding" and notes that he "was denied the audio," which "he believes is prejudice" toward him. *Id.* at 7.

[7]The "delay" here seems to be a reference to the further delay in trial after the January 22, 2024 hearing (rather than the delay in re-scheduling the original November 2023 trial).

demand, but there is no indication that she addressed a Double Jeopardy argument. Milwaukee County Case, Jan. 22, 2024 docket entry.

Since that time, Petitioner was appointed new counsel and a trial was rescheduled to begin on May 13, 2024. *Id.*, March 21, 2024 docket entry. At the final pretrial conference, Petitioner moved to proceed pro se with his new attorney as standby counsel, a request that Judge Havas granted. *Id.*, May 3, 2024 docket entry. He requested a hearing on a recently-filed motion to suppress; the jury trial was again adjourned until a later date, and Petitioner waived his speedy trial demand. *Id.*; *id.*, Apr. 9, 2024 docket entry (motion to suppress).

Petitioner moves for habeas relief on the following grounds, citing a few additional relevant facts and arguments in support of each:

> Ground One: Trial court erroneously exercised its discretion by sua sponte declaring mistrial. Harris was deprived of his constitutional rights, therefore retrial is barred due to Double Jeopardy protections. . . . [The] trial court . . . dismiss[ed] the jurors prior to any attempt to exercise sound discretion . . . .
>
> Ground Two: Trial court prejudiced Harris by not allowing Harris continuation of his oral objection to bar of retrial, via motion to dismiss, in which failed to render an order or judgment. . . . [Alternatively,] [t]rial court prejudiced Harris in withdrawing defense counsel from representation[.] . . .
>
> Ground Three: Trial court was presumptively prejudicial for declaring the mistrial; in regards to the 4/08/20 arrest, along with Harris speedy demand entered 9/14/23. The trial court prejudiced Harris by determining the mistrial, in[stead] [of] the alternate option it expressed involving an available panel of 30 jurors . . . . Trial court prejudiced Harris by failing to dismiss [his] case due to it being the 10th scheduled unsuccessful trial, in which only 2 adjournments can be attributed to the defense . . . . [and] the state . . . repeatedly failed to produce its essential/material witness . . . .

Ground Four: Trial counsel was ineffective for failing to object to the premature dismissal of the jurors. Also for failure to communicate with Harris; atty also failed to move for dismissal. . . . Counsel was ineffective for "mis-construing" Harris's objection to the court extending the speedy demand expiration date . . . as well as Harris's objecting to the mistrial. . . . Counsel was ineffective for failing to communicate/consult with Harris, . . . fail[ing] to inform Harris of the prosecutor's failure to produce the essential/material witness, [and] fail[ing] to request dismissal.

ECF No. 1 at 10–12. For relief, he asks the Court to

[i]ntervene due to special circumstances, review the record of the state[] proceedings in this petition[,] render a finding that [the] trial court failed to "exercise scrupulous and sound discretion," . . . determine that there was no manifest necessity warranting the mistrial[,] grant habeas relief barring the State of Wisconsin from retrial of all charges due to claims of Fifth Amendment Double Jeopardy provisions[,] and also order [the] trial court to dismiss all charges with prejudice and immediate[ly] release . . . Petitioner.

*Id.* at 12.[8]

Magistrate Judge Duffin found that Grounds Two and Four of the petition could not proceed because, under the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), federal courts generally do not interfere with pending state criminal cases, and these grounds "do not involve any 'extraordinary circumstances' warranting the court's intervention in the ongoing state prosecution" and departing from the rule of *Younger*. ECF No. 5 at 3–4. He further found that Grounds One and Three of the petition did "appear to

---

[8]In his objections, Petitioner asks that he "not [be] subject . . . to further actions of the state trial court" because allowing the state court to retry him on the charges in the Milwaukee County Case will cause him to suffer "substantial irreparable injury"; he also asks that he "be brought before the district court judge to resolve these claims once and for all." ECF No. 6 at 11–12.

Case 2:24-cv-00141-JPS   Filed 05/07/24   Page 11 of 27   Document 7

relate to the two circumstances in which federal courts may grant pretrial habeas relief"—speedy trial and Double Jeopardy claims—but that these grounds are barred due to Petitioner's failure to exhaust his state court remedies. *Id.* at 4–6. Magistrate Judge Duffin's findings and Petitioner's objections thereto are detailed further below.

### 4. LAW & ANALYSIS

Magistrate Judge Duffin's analysis of all four claims for relief rested on application of *Younger* abstention. The Court first sets out that doctrine as it applies in the context of § 2241 habeas petitions, and then determines how it applies to each of Petitioner's claims.

"Federal courts must abstain from interfering with state court criminal proceedings involving important state interests, as long as the state court provides an opportunity to raise the federal claims and no 'exceptional circumstances' exist." *Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009) (quoting *Stroman Realty, Inc., v. Martinez,* 505 F.3d 658, 662 (7th Cir. 2007) and citing *Younger*, 401 U.S. at 43); *Nommensen v. Lundquist*, 630 F. Supp. 2d 994, 997 (E.D. Wis. 2009) (explaining that "the Court must abstain" from considering a § 2241 petition when the state proceeding "provides an adequate opportunity to raise the federal claims, as long as . . . no exceptional circumstances exist that would make abstention inappropriate" (citing *Stroman Realty,* 505 F.3d at 662)).

"[A] federal court should assume that state procedures will afford an adequate remedy [for review of federal constitutional claims], in the absence of unambiguous authority to the contrary." *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 598 (7th Cir. 2007) (quoting *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 15 (1987)); *see also Nommensen*, 630 F. Supp. 2d at 998 ("All that matters is the opportunity to raise constitutional claims.") and *Miller v.*

*Williamson Cnty. Corr. Ctr.*, No. 14-CV-333-DRH, 2014 WL 1389629, at *3 (S.D. Ill. Apr. 9, 2014) (applying this rule to a § 2241 petition and finding that "*Younger* abstention doctrine [wa]s implicated . . . [because] there [wa]s no indication that the state proceedings would not provide petitioner with an adequate opportunity for review of any constitutional claims that would undercut the pending criminal charges," including speedy trial claims).

Special or exceptional circumstances "exist where irreparable damage would occur, such as cases involving prosecutorial harassment and prosecutions brought in bad faith." *Townsend v. Wis. Cts.*, No. 20-CV-465-PP, 2021 WL 1424934, at *2 (E.D. Wis. Apr. 15, 2021) (citing *Younger*, 401 U.S. at 49). Exceptional circumstances also exist where the petitioner "demonstrate[s] an extraordinarily pressing need for immediate equitable relief that, if not granted, will irreparably injure him." *Johnson v. Dart*, No. 14 C 1409, 2015 WL 4465703, at *2 (N.D. Ill. July 21, 2015) (citing *Jacobson v. Vill. of Northbrook Mun. Corp.*, 824 F.2d 567, 570 (7th Cir. 1987)).

Therefore, in the habeas context, relief under § 2241 is "generally limited to speedy trial and double jeopardy claims." *Curran*, 328 F. App'x at 335. These types of claims can satisfy the "exceptional circumstances" prong of the *Younger* analysis. *See Sweeney v. Bartow,* 612 F.3d 571, 573 (7th Cir. 2010) (explaining that *Younger* abstention does not bar habeas claims where "immediate federal intervention is necessary to prevent the challenge from becoming moot," such as claims "that the state proceeding had violated [the petitioner's] right to a speedy trial or had placed him in double jeopardy. . . . For then the eventual decision by the state court would come too late to secure his rights." (citing *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489–92 (1973), *Walck v. Edmondson*, 472 F.3d 1227, 1232–34 (10th Cir. 2007), and *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998))).

Importantly, even when a § 2241 petitioner's claim is not barred by *Younger*, he must still exhaust his state-court remedies "by presenting the claim to the state courts for one full round of review." *Crutchfield v. Dennison*, 910 F.3d 968, 972 (7th Cir. 2018) (citing *Davila v. Davis*, 582 U.S. 521, 527 (2017)); *see also Curran*, 328 F. App'x at 335 (collecting cases); *United States v. Castor*, 937 F.2d 293, 296–97 (7th Cir. 1991) (stating that while § 2241 applicants are not subject to the statutory requirement of exhaustion of remedies, "federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ" (citing *Baldwin v. Lewis*, 442 F.2d 29, 31–33 (7th Cir. 1971))).

### 4.1    Ground One – Double Jeopardy Claim

Ground One alleges, at bottom, that Petitioner believes his being put on trial again—after the trial court declared a mistrial and dismissed the jury on November 28, 2023—violates his Fifth Amendment right against double jeopardy. ECF No. 1 at 10; ECF No. 5 at 4 (Magistrate Judge Duffin "understands Harris's first ground for relief as asserting that the circuit court is barred on double jeopardy grounds from trying him due to the . . . mistrial.").

Magistrate Judge Duffin found that this claim was not barred by *Younger* but nonetheless recommended that it be dismissed as unexhausted in the state courts. *Id.* at 4–5 ("There is no indication that Harris has raised this issue in the circuit court, much less in the Wisconsin Court of Appeals or Supreme Court.").

As summarized above, Petitioner contends in his "supplement" of "supporting facts"—which the Court accepts as true for Rule 4 screening purposes, *Gibson*, 82 F. Supp. 2d at 992—that he did, in fact, attempt to exhaust Ground One in the trial court, but was thwarted in doing so by

either Attorney Webb's allegedly ineffective assistance and/or Judge Havas's intervention. Petitioner avers that he instructed Attorney Webb to object to the mistrial and/or raise the double jeopardy challenge during both the November 28, 2023 and January 22, 2024 hearings, but Attorney Webb failed or refused to do so. ECF No. 2 at 2–3. Petitioner further states that he himself attempted to make the challenge during the January 22 hearing, but Judge Havas prevented him from completing the argument and did not make a ruling on it. *Id.* at 3–6. As noted *supra* note 4, it is not clear whether Magistrate Judge Duffin considered these factual allegations in finding that this claim was unexhausted.

Petitioner reiterates these contentions in his objections, and the Court understands him to be arguing that these events explain and excuse his failure to exhaust the double jeopardy claim in the state court. ECF No. 6 at 4 ("Harris has demonstrated cause and prejudice . . . ."); *id.* at 5–6 (referencing Judge Havas's refusal to "allow[] Harris to orally argue his motion to dismiss"); *id.* at 9 ("Harris presented the trial court with a fair opportunity to address Harris's . . . constitutional claims . . . which the court failed to address" and "there is no 'order or judgement [sic]' to appeal under Wis. Stat. [§] 809.50 . . . .").[9] Petitioner's specific objections prompt the Court to review Magistrate Judge Duffin's factfinding and legal analysis de novo. 28 U.S.C. § 636(b)(1)(C).

The Court agrees in broad principle with Magistrate Judge Duffin that Petitioner has not "present[ed] the claim to the state courts for one full

---

[9]Petitioner also speculates that "the [circuit] court then falsified" the January 22, 2024 docket entry in the Milwaukee County Case to reflect that only speedy trial arguments, not double jeopardy arguments, were made. ECF No. 6 at 7. He argues that Magistrate Judge Duffin "based his recommendation on [this] erroneous info falsified by the court/court reporter." *Id.* at 9.

round of review." *Crutchfield*, 910 F.3d at 972 (citing *Davila*, 582 U.S. at 527). Judge Havas appears not to have addressed or ruled on any double jeopardy claim (raised either by Petitioner acting pro se or through Attorney Webb), and Petitioner concedes that he did not appeal Judge Havas's handling of the claim. However, whether this means that Petitioner has "failed to exhaust," ECF No. 5 at 6, under the circumstances as he has described them—that Judge Havas effectively barred him from litigating his double jeopardy claim to completion, and accordingly that he failed to appeal because Judge Havas gave him no order, nor any indication on the Milwaukee County Case docket that he had attempted to raise the issue, to appeal—is another matter.

The Court does not find that the exhaustion analysis in these circumstances is as clear-cut as Magistrate Judge Duffin suggests. "[T]he federal adjudication of double jeopardy claims raised on pre-trial petitions for habeas corpus is appropriate when those claims have been raised and rejected in the state trial court and under state law there is no right to interlocutory appeal." *Harpster v. Ohio*, 128 F.3d 322, 325–26 (6th Cir. 1997) (citing *Gully v. Kunzman*, 592 F.2d 283, 287 (6th Cir. 1979), *cert. denied*, 442 U.S. 924 (1979), *reh'g denied*, 444 U.S. 889 (1979)). Such a claim may be considered exhausted "where petitioner raised the claim in [the] trial court and there is no right to interlocutory review." *Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 861 (E.D. Wis. 1999) (citing *Harpster*, 128 F.3d at 325). "In Wisconsin, there is no absolute right to an interlocutory appeal of an order denying a pretrial motion to dismiss based on double jeopardy grounds, but the state supreme court has encouraged the courts of appeal to grant review in such cases." *Id.* (citing *State v. Jenich*, 292 N.W.2d 348, 349 (Wis. 1980) (finding the § 2241 petitioner had failed to exhaust his state court

remedies because after "the state trial court . . . denied his motion to dismiss" his charges on double jeopardy grounds, "there [wa]s nothing in his submission to suggest that he . . . appealed the denial of [that] claim" by petitioning the Court of Appeals for leave to do so)); *see also State v. Stone*, 881 N.W.2d 359, ¶ 9 & n.1 (Wis. Ct. App. 2016) (accepting petition for leave to appeal double jeopardy claim because it raised "serious constitutional questions" (quoting *Jenich*, 292 N.W.2d at 349)).

Under these authorities, Petitioner's double jeopardy claim *might* be considered exhausted. Whether Petitioner's attempt to argue his double jeopardy claim to Judge Havas constitutes raising that claim to the trial court for purposes of exhaustion, and whether Petitioner was then obligated to attempt to secure interlocutory review by the Wisconsin Court of Appeals, are questions that this Court would normally prefer to answer with the benefit of full briefing rather than on a Rule 4 screening. So, too, is the question of whether Petitioner has exhausted this claim when he potentially could advance his double jeopardy argument through the new trial attorney appointed to represent him as of March 2024. Milwaukee County Case, Mar. 21, 2024 docket entry.

Ultimately, though, and regardless of whether Petitioner has exhausted it, Ground One can be dismissed on the independent basis that it is frivolous because the Fifth Amendment does not preclude Petitioner's retrial. "[D]ouble jeopardy does not preclude the government from retrying a defendant where a jury fails to reach a verdict in the first trial." *United States v. Warren*, 593 F.3d 540, 544 (7th Cir. 2010) (citing *Richardson v. United States*, 468 U.S. 317, 324–26 (1984)). In Petitioner's case, the jury never even deliberated, nor did it hear any evidence—the case did not proceed past opening statements before Judge Havas declared a mistrial. Further, no

jeopardy terminating event occurred. *Richardson,* 468 U.S. at 325 ("[T]he protection of the Double Jeopardy Clause by its terms applies only if there has been some event . . . which terminates the original jeopardy." (citing *Justs. of Bos. Mun. Ct. v. Lydon,* 466 U.S. 294 (1984) and *Price v. Georgia,* 398 U.S. 323, 329 (1970))). "[M]istrials do not terminate the original jeopardy." *United States v. Morgan,* 929 F.3d 411, 423 (7th Cir. 2019) (quoting *United States v. Bailin,* 977 F.2d 270, 275 (7th Cir. 1992)). Petitioner simply does not have a Fifth Amendment claim on the facts he has alleged.

Petitioner correctly understands that "[t]he Fifth Amendment's double jeopardy clause protects 'not against being twice punished, but against being twice put into jeopardy.'" *Blanck,* 48 F. Supp. 2d at 860 (quoting *Harpster,* 128 F.3d at 325). But he seems to think that principle means that he can only be put to a trial once. Under the present circumstances, he is mistaken. Although jeopardy attached when the jury was empaneled and sworn, *Martinez v. Illinois,* 572 U.S. 833, 839 (2014) (citations omitted), the Double Jeopardy Clause does not preclude the State of Wisconsin from retrying Petitioner on the same charges as in his original November 27, 2023 trial, in which the jury never deliberated or made any finding as to guilt.

While the Court does not doubt that it has been distressing to Petitioner to await trial for several years (owing perhaps to a backlog of criminal cases in the state court system), it cannot recognize his double jeopardy claim. It will therefore adopt Magistrate Judge Duffin's

recommendation that this claim be dismissed, although for a different reason.[10]

### 4.2    Ground Two – Procedural Errors

Ground Two of the petition builds on Ground One, arguing that the state court erred by not allowing Petitioner to continue arguing his double jeopardy claim, and/or by allowing Attorney Webb to withdraw from representing Petitioner at the January 22, 2024 hearing.[11] Petitioner does not say on what basis he believes these decisions were unconstitutional. The Court construes them as either a procedural due process claim under the

---

[10]Ground One as written also claims that Judge Havas erred in declaring the mistrial. ECF No. 1 at 10 ("Trial court erroneously exercised its discretion by sua sponte declaring mistrial. . . . [The trial court] dismiss[ed] the jurors prior to any attempt to exercise sound discretion . . . ."). So, too, does Ground Three. *Id.* at 11 ("The trial court prejudiced Harris by determining the mistrial , in[stead] [of] the alternate option it expressed involving an available panel of 30 jurors . . . .") Petitioner reiterates this ground/contention in his objection, arguing that Judge Havas unconstitutionally denied him his "state and federal rights . . . to object to the dismissal of [the] jury, and [to] have his trial continued [with] less than twelve [jurors] had he chose[n] to do so." ECF No. 6 at 2 (citations omitted); *id.* at 3 (suggesting that Judge Havas had a duty to "exercise 'sound discretion' [and examine] alternatives to a mistrial" before declaring one).

This argument is distinct from the double jeopardy claim, but Magistrate Judge Duffin did not construe it as an independent basis for relief. Even if he had, the argument would not survive screening for two reasons. First, it falls within the scope of claims subject to *Younger* abstention. *Curran*, 328 F. App'x at 335. Second, Petitioner has not exhausted this argument before the state courts. *Castor*, 937 F.2d at 296–97. Petitioner must first present this claim to the Wisconsin Court of Appeals and Supreme Court before seeking habeas relief thereon.

[11]The Court suspects that Attorney Webb moved to withdraw because he believed—as the Court found above—that any double jeopardy argument that Petitioner wished to make was frivolous under existing law and therefore, as an officer of the court, he was barred from making it in representing Petitioner. *See* Wis. Sup. Ct. R. 20:3.1(a)(1) ("In representing a client, a lawyer shall not . . . knowingly advance a claim or defense that is unwarranted under existing law . . . ."). By withdrawing, Attorney Webb opened the opportunity for Petitioner to make the double jeopardy argument pro se.

Fourteenth Amendment or a right-to-counsel claim under the Sixth Amendment.

Magistrate Judge Duffin found that this ground "d[id] not involve any 'extraordinary circumstances' warranting the court's intervention in the ongoing state prosecution," and recommended that it be dismissed on *Younger* grounds. ECF No. 5 at 4. The Court understands Petitioner's objections as described above in Section 4.1 as applying with equal force to this ground. *See* ECF No. 6 at 2 ("The most challenging of claims involves Ground[s] one and two . . . .").

The Court agrees with Magistrate Judge Duffin that Ground Two is the sort of claim to which *Younger* abstention typically applies such that it may not proceed on a § 2241 petition. *Curran*, 328 F. App'x at 335. Because this ground is not a double jeopardy or speedy trial claim per se, it is subject to *Younger* abstention unless Petitioner can show that the state court forum does not provide "an opportunity to raise the federal claims," and/or that other "exceptional circumstances" exist. *See Curran*, 328 F. App'x at 335; *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998) (citing *Middlesex Cnty. Ethics. Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 429 (1982) (listing elements for application of *Younger* abstention).

Petitioner does not object or argue that other exceptional circumstances, such as that he is being prosecuted in bad faith or under a flagrantly unconstitutional statute, exist, so he cannot get around *Younger* this way. *Jacobson,* 824 F.2d at 570 (citing *Moore v. Sims*, 442 U.S. 415, 423 (1979)).

As explained above, Petitioner argues that the state court proceeding does not provide him an adequate opportunity to raise his federal double jeopardy claim, but he does not argue that the state courts do not provide

him an adequate opportunity to argue that Judge Havas should have let him proceed with his double jeopardy claim and/or should not have permitted Attorney Webb to withdraw. If Petitioner is convicted by a jury, he may appeal his conviction, and may attempt to raise these arguments in his appeal. "Subsequent judicial review is a sufficient opportunity" to raise federal constitutional arguments. *Majors*, 149 F.3d at 713 (citing *Ohio C.R. Comm'n v. Dayton Christian Schs., Inc.*, 477 U.S. 619, 629 (1986)); *see also Nommensen*, 630 F. Supp. 2d at 998 ("All that matters is the opportunity to raise constitutional claims."). The Court is not aware of any bar in Wisconsin law against raising these types of arguments on appeal. *Moore*, 442 U.S. at 426 ("Certainly, abstention is appropriate unless state law clearly bars the interposition of the constitutional claims."). State process therefore affords him an opportunity to raise these arguments; this element in the *Younger* analysis is satisfied.

Because *Younger* abstention bars the federal court from hearing these claims while Petitioner's state criminal case is ongoing, the Court must adopt Magistrate Judge Duffin's recommendation that Ground Two be dismissed.

### 4.3    Ground Three – Speedy Trial Violation

Magistrate Judge Duffin understood Petitioner's Ground Three to "claim[] that his right to a speedy trial has been violated," proceeding under the Sixth Amendment. ECF No. 5 at 5. The Court adopts this construction of Ground Three. *See* ECF No. 1 at 11 ("Trial court prejudiced Harris by failing to dismiss [his] case due to it being the 10th scheduled unsuccessful trial . . . ."). Ground Three also refers to Judge Havas's declaration of the mistrial, *id.*, but the Court dealt with those contentions above in Section 4.1 and note 10, so focuses its analysis here on a putative speedy trial claim.

Magistrate Judge Duffin found that that Ground Three was unexhausted, noting that exhaustion of state court remedies is required because Petitioner seeks dismissal of the charges against him (rather than to force a trial to promptly take place). ECF No. 5 at 5 (citing *Graf v. Clarke*, No. 14-C-1205, 2014 WL 5361309, at *1 (E.D. Wis. Oct. 20, 2014), *report and recommendation adopted*, No. 21-C-332, 2021 WL 1720217 (E.D. Wis. Apr. 30, 2021); *Powell v. Saddler*, No. 12 C 2928, 2012 WL 3880198, at *6 (N.D. Ill. Sep. 6, 2012); and *Hirsch v. Smitley*, 66 F. Supp. 2d 985, 987 (E.D. Wis. 1999)). Because Petitioner presented his speedy trial claim to the state trial court but "there is no indication that he sought relief on this issue before the Wisconsin Court of Appeals and Wisconsin Supreme Court," *id.* at 6, Magistrate Judge Duffin concluded that the claim was subject to dismissal for failure to exhaust.

Magistrate Judge Duffin also examined whether Petitioner could sustain a claim that his speedy trial rights under Wisconsin (not federal constitutional) law were violated. *Id.* He concluded that Petitioner could not because such a claim would similarly be unexhausted but, moreover, is not cognizable in habeas. *Id.* (citing Wis. Stat. § 970.10; *Lechner v. Frank*, 341 F.3d 635, 642 (7th Cir. 2003); *Tatum v. Meisner*, No. 13-C-1348, 2014 WL 4748901, at *1 (E.D. Wis. Sep. 24, 2014); *Franklin v. Bartow*, No. 09-CV-664, 2009 WL 4906346, at *4 (E.D. Wis. Dec. 18, 2009); and *Roth v. Lundell*, No. 05-C-148-C, 2005 WL 1046494, at *4 (W.D. Wis. May 4, 2005)).

As far as the Court can discern, Petitioner does not raise any specific objection to Magistrate Judge Duffin's conclusion that his speedy trial claim is subject to dismissal for failure to exhaust (as explained above, his objections largely focus on the double jeopardy claim). The Milwaukee County Case record indicates that he raised the speedy trial claim there—

though Petitioner, oddly, states that he only raised it in passing, ECF No. 6 at 7 ("Nothing in Harris's oral motion to dismiss on January 22nd, 2024 . . . pertained to violation of speedy trial demand, though the Dec. 14th speedy expiration date may have been stated for chronological purposes. Harris['s] sole argument was related to [the double jeopardy claim]."). Petitioner concedes that he did not attempt to raise the argument to the state appellate courts. *See id.* Indeed, because of Petitioner's emphasis on his double jeopardy claim—not to mention his recent waiver of his speedy trial demand, Milwaukee County Case, May 3, 2024 docket entry—the Court wonders whether he truly intends to raise a speedy trial claim in this § 2241 petition at all. In any event, such a claim is unexhausted and therefore subject to dismissal.

Such a claim is also not cognizable in a § 2241 posture. "[S]peedy trial claims" that can be addressed in a § 2241 petition "are limited to those where the petitioner is trying to force a trial, not the dismissal of a state criminal trial as untimely." *Birkley v. Lucas*, No. 21-CV-332, 2021 WL 1723453, at *2 (E.D. Wis. Mar, 29, 2021) (citing *Graf*, 2014 WL 5361309, at *1); *see also Hirsch*, 66 F. Supp. 2d at 987 ("Speedy trial considerations can also be a basis for such relief, but only where the petitioner is seeking to force a trial; they are not a basis for dismissing a pending state criminal charge outright." (collecting cases)). Where, as here, "[the] petition does not indicate that [Petitioner] is seeking to force a trial [but] rather . . . requests that the state court case be dismissed," the petition is subject to dismissal. *Birkley*, 2021 WL 1723453, at *2.

Petitioner also objects to Magistrate Judge Duffin's addressing of whether Petitioner could raise a speedy trial claim under Wisconsin law, apparently believing that doing so is a basis for this Court to reject

Magistrate Judge Duffin's recommendation as to Ground Three. ECF No. 6 at 7 ("Nowhere in [the] petition . . . does it mention a Wis. Stat. . . . Therefore, Magistrate Judge Duffin's claims of Harris raising Wisconsin Statute 971.10 is clearly erroneous."). Magistrate Judge Duffin likely *sua sponte* addressed the relevance of Wisconsin speedy trial law in the interest of thorough analysis. That he did so provides the Court no basis to depart from Magistrate Judge Duffin's reasoning in recommending that Ground Three be dismissed. Moreover, Magistrate Judge Duffin's reasoning is correct: to the extent Petitioner wishes to make a speedy trial claim under *state* as well as federal law, he may not do so. This is because "[f]ederal habeas corpus relief does not lie for errors of state law." *Lechner*, 341 F.3d at 642 (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). This objection is meritless.

The Court agrees with Magistrate Judge Duffin that Petitioner's Sixth Amendment speedy trial claim is both unexhausted in the state courts and not cognizable in these circumstances, where Petitioner seeks as relief the dismissal of the charges against him. Ground Three is subject to dismissal.

### 4.4    Ground Four – Ineffective Assistance of Counsel

Ground Four is a claim that Petitioner is entitled to pretrial release because Attorney Webb was constitutionally ineffective. Petitioner alleges a host of theories for why this is the case: that Attorney Webb failed to object to the mistrial or the dismissal of the jurors (indeed, the Milwaukee County Case record shows that Attorney Webb affirmatively stated that he and his client *did not* object to the mistrial); that he failed to communicate with Petitioner; that he failed to move to dismiss the charges against Petitioner; that he misconstrued the arguments that Petitioner wanted him to make;

and that he was ineffective for "fail[ing] to inform Harris of the prosecutor's failure to produce the essential/material witness." ECF No. 1 at 12.

As with Ground Two, Magistrate Judge Duffin found that Ground Four was subject to dismissal on *Younger* grounds because it did not raise any claim that implicated "extraordinary circumstances" permitting the federal court to intervene in the state court proceeding. ECF No. 5 at 4. Petitioner does not specifically object to this finding as it pertains to Ground Four; the Court understands Petitioner's objections to simply rehash his substantive arguments as to why Attorney Webb was ineffective.

The Court concurs in Magistrate Judge Duffin's analysis. Petitioner has not raised any factual allegations or arguments that persuade the Court that "extraordinary circumstances" exist that permit it to intervene in the ongoing state court proceeding to address Ground Four. Although Petitioner may be dissatisfied with Attorney Webb's representation, his dissatisfaction is not enough to get around *Younger* abstention. Ground Four is accordingly subject to dismissal, like Petitioner's other three grounds for relief.

5.    **CONCLUSION**

For the reasons stated above, the Court will overrule Petitioner's objections, ECF No. 6, and will adopt Magistrate Judge Duffin's report and recommendation, ECF No. 5, as stated herein. Accordingly, the Court will deny Petitioner's § 2241 petition and dismiss this action.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, which apply to § 2241 petitions by operation of Rule 1(b) of the same, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Petitioner must make a "substantial showing

of the denial of a constitutional right." "A petitioner makes a 'substantial showing where reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009) (quoting *Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008)). The law surrounding *Younger* abstention and the merits of Petitioner's double jeopardy claim are sufficiently clear that the Court does not believe that reasonable jurists could debate its conclusions herein. The Court will therefore deny Petitioner a certificate of appealability.

Accordingly,

**IT IS ORDERED** that Petitioner Steven Lamar Harris's objections to Magistrate Judge William E. Duffin's report and recommendation, ECF No. 6, be and the same are hereby **OVERRULED**;

**IT IS FURTHER ORDERED** that Magistrate Judge William E. Duffin's report and recommendation, ECF No. 5, be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that Petitioner Steven Lamar Harris's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ECF No. 1, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 7th day of May, 2024.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.